```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DERRICK MADDOX, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-3715 (JBS/JS) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

   This matter is before the Court on Defendant the United States of America's unopposed motion to dismiss for lack of subject matter pursuant to Rule 12(b)(1), Fed. R. Civ. P. [Docket Item 24]. THE COURT FINDS AS FOLLOWS:

   1. On July 2, 2008, Plaintiff filed the instant complaint in the United States District Court for the Southern District of New York and the case was subsequently transferred to this Court. Plaintiff alleges that a mail room clerk at Federal Correctional Institution at Fort Dix improperly opened Plaintiff's legal mail. Plaintiff asks for $10,000 in damages.

   2. The original complaint identifies that Federal Bureau of Prisons and an unidentified mail room clerk as the defendants, though the only allegations in the complaint pertain to the mail room clerks. On January 30, 2009, the Court ordered the Clerk of Court to correct the docket to reflect that the sole defendant is John or Jane Doe and ordered the United States Marshal to serve

Defendant John or Jane Doe after Plaintiff provided adequate identifying information [Docket Item 9].  On November 12, 2009, the Court ordered Plaintiff to identify the sole defendant by December 14, 2009, or the case would be subject to dismissal for failure to prosecute [Docket Item 18].  On November 20, 2009, Plaintiff submitted a letter requesting that the Court substitute the United States of American for John or Jane Doe as the sole defendant [Docket Item 19].

3.  In lieu of an answer, Defendant submitted the instant motion to dismiss pursuant to Rule 12(b)(1).  Defendant argues that Plaintiff cannot bring suit against the United States under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and that he has failed to exhaust his administrative remedies, the jurisdictional prerequisite for a claim under the Federal Tort Claims Act ("FTCA").

4.  Plaintiff has not filed any response to Defendant's motion.

5.  An attack on subject matter jurisdiction can be either facial -- based solely on the allegations in the complaint -- or factual -- looking beyond the allegations to attack jurisdiction in fact.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Where, as here, the challenge to subject matter jurisdiction is factual, the Court is free to weigh the evidence and satisfy itself as to the existence of

jurisdiction.  <u>Id.</u>

    6.  Plaintiff's complaint can be construed to seek relief under either <u>Bivens</u> or the FTCA.  The Court lacks subject matter jurisdiction to consider either claim.

    7.  While <u>Bivens</u> provides a cause of action against individual federal officers, "a plaintiff may not use <u>Bivens</u> to pursue constitutional claims against the United States or its agencies."  <u>Mierzwa v. United States</u>, 282 F. App'x 973, 976 (3d Cir. 2008); <u>see</u> <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 72 (2001) ("[A] prisoner may not bring a <u>Bivens</u> claim against . . . the United States or the BOP.").  Consequently, Plaintiff's <u>Bivens</u> claim is barred by sovereign immunity.  <u>See</u> <u>Lewal v. Ali</u>, 289 F. App'x 515, 516 (3d Cir. 2008) ("<u>Bivens</u> claims against the United States are barred by sovereign immunity, absent an explicit waiver.").

    8.  The Court likewise lacks jurisdiction to review any claim under the FTCA, because Plaintiff did not first present his claim to the Bureau of Prisons.  (Herbin-Smith Decl. ¶5; Moran Decl. ¶3.)  Administrative exhaustion "is jurisdictional and cannot be waived."  <u>Lightfoot v. United States</u>, 564 F.3d 625, 627 (3d Cir. Pa. 2009) (quoting <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971)).

    9.  In sum, the Court lacks subject matter jurisdiction to consider either of Plaintiff's potential claims, and so will

3

grant Defendant's motion to dismiss.  The accompanying Order shall be entered.


**June 23, 2010**             **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                       United States District Judge